

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-11-2007

# USA v. Davis

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4144

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Davis" (2007). *2007 Decisions.* Paper 100.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/100

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

No. 06-4144

———

UNITED STATES OF AMERICA

v.

JAMES T. DAVIS,
Appellant

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 95-cr-00125)
District Judge: Honorable Robert B. Kugler

———

Submitted Under Third Circuit LAR 34.1(a)
December 10, 2007

Before: SLOVITER, AMBRO, Circuit Judges, and RESTANI[*], Judge

(Filed: December 11, 2007)

OPINION

———

SLOVITER, Circuit Judge.

---

[*] Hon. Jane A. Restani, Chief Judge, United States Court of
International Trade, sitting by designation.

James T. Davis appeals from the judgment of the District Court sentencing him to thirty-six months imprisonment for violating the conditions of his supervised release to be served consecutive to his state term of imprisonment. Davis argues that this sentence is unreasonable. We disagree, and will affirm.

I.

As we write for the parties, we only discuss those facts relevant to our analysis.

On December 5, 2003, Davis completed serving his federal sentence for using and carrying a firearm in relation to a drug trafficking offense and began his term of supervised release. On December 1, 2004, Davis attended a homicide trial in a New Jersey state court and, during the testimony of a principal prosecution witness–who had been in protective custody due to threats against her life–was observed standing, facing the witness, and lifting his hand toward his chin, making a gesture with his hand and finger that suggested a firearm. When he repeated this motion, state officers escorted him from the courtroom, arrested him and charged him with obstructing the administration of law, making threats of violence, and tampering with witnesses.

Thereafter, the United States Probation Office filed a petition for an arrest warrant for Davis based on the state criminal charges. As the state was holding him in custody, the federal warrant was lodged as a detainer. Davis ultimately pled guilty to the state charge of making terroristic threats, and was sentenced to three years imprisonment. The state judge recommended that Davis' sentence run concurrent with any federal sentence

2

imposed on Davis for violation of supervised release.

At a subsequent hearing in federal court, Davis admitted that he had violated the conditions of his supervised release. The District Court imposed the statutory maximum sentence of thirty-six months, to run consecutively to Davis' state sentence. In arriving at this conclusion, the District Court stated that the sentence would "protect the public from people like Mr. James Davis . . . [and] support the U.S. Probation in their efforts to supervise people successfully." App. at 30. The District Court also noted the serious nature of the crime, Davis' record of violent crimes, and Davis' previous violations of supervision. Finally, the District Court noted that it would make the sentence consecutive because it did not think that "there's any such thing as free crimes if he's on Supervised Release Federal on a sentence [sic], then you're going to have to expect that if you violate it by committing a violent crime such as this, that you're going to pay the price." App. at 30.

In its oral pronouncement, the District Court stated that the thirty-six month sentence would be followed by two years of Supervised Release. However, counsel for both parties agreed that the period of supervised release was not permissible because the statutory maximum prison term had been imposed. The parties brought this matter to the District Court's attention. To redress that error, the Court entered an order providing that no term of supervised release would be imposed on Davis' sentence.

Davis appeals on the ground that the District Court's sentence was unreasonable.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(4). Prior to United States v. Booker, 543 U.S. 220 (2005), we reviewed the imposition of consecutive sentences under the abuse of discretion standard. United States v. Spiers, 82 F.3d 1274, 1277 (3d Cir. 1996). Davis argues that our post-Booker review should be for reasonableness, and that his sentence was unreasonable. We need not address the question of which standard applies here, because Davis' sentence satisfies either standard.

Under 18 U.S.C. § 3584(a), sentencing courts may impose a term of imprisonment that runs consecutively or concurrently. A defendant's violation of supervised released is considered to be a "breach of the Court's trust," United States v. Dees, 467 F.3d 847, 853 (3d Cir. 2006). The policy statements of the Sentencing Commission are instructive in determining the appropriate sentence to be imposed for such violations. See United States v. Blackston, 940 F.2d 877, 893 (3d Cir. 1991); 18 U.S.C. § 3583(d)(3). The Sentencing Commission recommends that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving . . . ." U.S. Sentencing Guidelines Manual § 7B1.3(f) (2004). Here, Davis' sentence fell within the advisory guideline range set forth in U.S.S.G. § 7B1.4(a). Moreover, the District Court's imposition of a consecutive term of imprisonment was consistent with the Guideline

4

recommendation.

According to Davis, however, the entire sentence was unreasonable because it was primarily focused on punishing the perceived seriousness of Davis' criminal history and the underlying offense. In its discussion, the District Court noted that the defendant "seems to have violated every period of supervision that he was ever on." App. at 30. Further, although the state judge's sentencing recommendation was relevant, the state court judge's task was punishing the underlying state offense, whereas the District Court's primary task was sanctioning Davis' breach of trust of the federal sentence. Thus, the District Court's decision to impose a consecutive sentence notwithstanding the State recommendation was not unreasonable, given the considerations that the District Court articulated. For these reasons, we will affirm.